# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**GLORIA WARREN**                                                    **PLAINTIFF**

**v.**                              **CASE NO. 3:05-CV-260 GTE**

**STATE FARM FIRE AND CASUALTY COMPANY**                **DEFENDANT/THIRD**
                                                          **PARTY PLAINTIFF**

**v.**

**JOHNNY WARREN**                              **THIRD PARTY DEFENDANT**

## ORDER ON MOTION TO DISMISS

Presently before the Court is Third Party Defendant Johnny Warren's Motion to Dismiss.
Movant seek dismissal on the grounds that Third Party Plaintiff State Farm Fire and Casualty
Company has failed to state a claim upon which relief can be granted.

### I.  Motion to Dismiss Standard

When ruling on a motion to dismiss, the court must accept the allegations contained in
the complaint as true and draw all reasonable inferences in favor of the nonmoving party.  *Coons
v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005).  A complaint shall not be dismissed for its
failure to state a claim upon which relief can be granted unless it appears beyond a reasonable
doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief. *Young
v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). Nevertheless, dismissal under Rule
12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned
to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity.  *Id.* (citing
*Neitzke v. Williams,* 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).  To avoid
dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not

merely legal conclusions.  *Id.*

## II.  Background

Plaintiff Gloria Warren and Johnny Warren, Plaintiff's son and Third-Party Defendant, are co-owners of a residence located at 816 Park, Earle, Crittenden County, Arkansas.  Gloria and Johnny Warren are co-mortgagors of the property and parties to the mortgage contract with Countrywide Home Loans, Inc. ("Countrywide").  On or about March 29, 2000, Defendant State Farm Fire and Casualty Company ("State Farm") issued Plaintiff Gloria Warren a homeowner's policy of insurance on the residence.  On or about March 14, 2005, a fire destroyed Plaintiff Gloria Warren's home.  Plaintiff filed suit in the Circuit Court of Crittenden County, Arkansas, to recover under the policy, and Defendant removed the cause of action to this Court.  In the Complaint by Gloria Warren, it is alleged that the policy provides coverage for dwelling and dwelling extension loss up to policy limits coverage of $61,710.00, contents coverage up to policy limits of $42,075.00, plus loss of use in the amount of the actual loss sustained less any applicable deductibles as more particularly described in the policy.  Gloria Warren claims that she has made demand upon State Farm for dwelling coverage of $56,100.00 and contents coverage of $42,075.00.  It is also alleged that State Farm had not paid the mortgage indebtedness owing on the property to the mortgagee, Defendant Countrywide Home Loans, Inc. ("Countrywide"), as required under the policy.  State Farm states that it originally failed to pay Countrywide because Countrywide would not supply the necessary documentation.

In State Farm's Answer, it states that the insurance policy is void and no sum is owed to the insured because the fire was intentionally set by the Plaintiff or by another or others acting on behalf of the Plaintiff, citing the Intentional Acts provision of the policy, which states, "If you or

2

any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss."  Additionally, State Farm claims that Gloria Warren intentionally concealed or misrepresented material facts and circumstances relating to the insurance, citing the Concealment and Fraud provision, which states, "This policy is void as to you or any other insured, if you or any insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss."  Specifically, State Farm alleges that Gloria Warren made misrepresentations of and concealed material facts concerning matters including, but not limited to, the true cause and origin of the fire, the financial condition of Ms. Warren at the time of and before the occurrence of the fire, and her previous loss history.  State Farm alleges that if Plaintiff is entitled to recover in the action, State Farm is entitled to a setoff or credit for all sums paid to the mortgagee or lienholder by State Farm and additional sums paid by State Farm to or on behalf of the Plaintiff following the fire, including advances and additional living expenses.

On May 4, 2006, State Farm filed a Third Party Complaint against Johnny Warren, Plaintiff Gloria Warren's son and co-owner of the property.  On June 15, 2006, the Court entered an Order of Dismissal with prejudice as to Countrywide.  It appears that entry of this Order was due to State Farm's payment of the mortgage indebtedness owing on the property to Countrywide.  On June 26, 2006, Third Party Defendant, Johnny Warren, filed a Motion to Dismiss, which is presently before the Court.

### III.  Analysis

#### A.  28 U.S.C. § 2001

Third Party Defendant Johnny Warren ("Defendant Warren") argues that State Farm's reliance on Ark. Code Ann. § 16-111-103 as the basis for the Court's entry of a declaratory judgment, rather than 28 U.S.C. § 2001, requires dismissal of the Third Party Complaint for failure to state a claim.  The Court notes that it appears Defendant Warren intended to cite 28 U.S.C. § 2201, as it is the provision quoted by him, which states:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

In its Response, State Farm requests the Court's leave under Rule 15 of the Federal Rules of Civil Procedure to amend to correct this error.  The Court would grant this request, but finds that this Complaint should be dismissed on other grounds.

#### B.  Standing

Defendant Warren argues that State Farm lacks standing.  The statute providing the declaratory judgment remedy explicitly incorporates the Article III case or controversy limitation. A litigant in federal court must have standing, a concept which involves both constitutional requirements and prudential considerations. *Valley Forge Christian College v. Americans United,* 454 U.S. 464, 471 (1982).  At a minimum, "Article III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,  that the injury fairly can be traced to the

challenged action and is likely to be redressed by a favorable decision." *Id.* at 472 (internal

citations and quotations omitted).  "The controversy requirement of the Declaratory Judgment

Act is synonymous with that of Article III of the Constitution." *County of Mille Lacs v.*

*Benjamin*, 361 F.3d 460, 463 (8th Cir. 2004) (internal citations omitted). "The essential

distinction between a declaratory judgment action and an action seeking other relief is that in the

former no actual wrong need have been committed or loss have occurred in order to sustain the

action." *Id.* at 464.

State Farm claims that since the mortgage has been paid, it stands subrogated to the rights

of Countrywide as to the mortgagors, to the extent of the amount it has paid.[1]  "A mortgagor and

a mortgagee may both insure their respective interests in mortgaged premises. But when the

insurer pays the mortgagee for its loss, the insurer becomes subrogated to the rights of the

mortgagee to the extent that the insurer has paid the debt, and this is generally true whether or not

the mortgagee makes a separate, formal assignment to the insurance company. Payment of the

debt or a portion of it by the insurer does not discharge the mortgagor from his obligation; it

---

[1]Johnny Warren argues that State Farm has waived its subrogation claims, but fails to cite any authority for this assertion.  The Court finds that this argument is without merit.  State Farm filed its Third Party Complaint on May 4, 2006.  On June 15, 2006, the Court entered an Order of Dismissal with prejudice as to Countrywide.  It appears that State Farm paid the mortgage indebtedness owing on the property to Countrywide after May 4, 2006, so the subrogation claim was not available to State Farm until after it had filed its Third Party Complaint.  Therefore, it appears that State Farm could not have waived its right to claim subrogation.

The alternative argument set forth by Johnny Warren that State Farm did not receive an assignment of the mortgage from Countrywide and did not assume the mortgage, ignores the rule set forth by the Eighth Circuit that when the "insurer pays the mortgagee for its loss, the insurer becomes subrogated to the rights of the mortgagee to the extent that the insurer has paid the debt, and this is generally true *whether or not the mortgagee makes a separate, formal assignment to the insurance company.  See Garrison*, 809 F.2d at 501 (emphasis added).

merely substitutes the insurer for the mortgagee to the extent of the insurance proceeds.  This is

the rule in Arkansas." *See Garrison v. Great Southwest Ins. Co.*, 809 F.2d 500, 501 (8th Cir.

1987) (citing *Hill v. Massachusetts Fire & Marine Insurance Co.,* 195 Ark. 602, 605-06, 113

S.W.2d 104, 106 (1938)) (additional internal citations omitted).

State Farm argues that because it stands subrogated to the rights of Countrywide as to the

mortgagors, Gloria and Johnny Warren, it has standing because it has made payments that it

should not have, which is an injury that stands to be redressed.  State Farm explains that it moved

to make Johnny Warren a Third Party Defendant because he has an interest in the issues at

litigation, particularly whether State Farm can obtain its payments back from him under the

subrogated rights from Countrywide.  It appears that State Farm, the insurer, has paid the

mortgagee, Countrywide, for its loss.  However, the right of subrogation depends on proof that

the policy is void as against the mortgagor.  Milton R. Friedman and James Charles Smith,

*Friedman on Contracts & Conveyances of Real Property* § 3:6.3 Insurance (2005).  Therefore, if

the Court determines that the policy is void as against Gloria Warren in the action between

Gloria Warren and State Farm, State Farm will be subrogated to the rights of Countrywide to the

extent that State Farm paid the debt.  Thus, if the policy is void, it is possible that State Farm

may be entitled to payment of the mortgage by Johnny Warren to the extent that Countrywide

could have required payment of the mortgage by Johnny Warren, had State Farm not paid

Countrywide.  However, that issue is not before the Court presently, as a determination of

whether the insurance policy is void has not yet been made.

State Farm's requested relief is a declaratory judgment stating that "there is no coverage

owed for the claims of the Plaintiff Gloria Warren, and Third Party Defendant, Johnny Warren,

as a result of the loss by fire of March 14, 2005," not a declaratory judgment stating that State

Farm is entitled to mortgage payments from Johnny Warren.  Johnny Warren has stated that he is

not a party to Gloria Warren's insurance policy issued by State Farm, and he has made no claim

for insurance proceeds under said policy.  Without a claim by Johnny Warren against State Farm,

there is no need for the Court to declare that "there is no coverage owed for the claims of . . .

Johnny Warren."  Furthermore, State Farm does not allege that the injury it suffered by paying

Countryside was the result of any conduct of Johnny Warren. Therefore, there is no case or

controversy between State Farm and Johnny Warren, and State Farm's Third Party Complaint is

dismissed for lack of standing.

If Plaintiff Gloria Warren prevails in her action, this issue will be moot because the right

of subrogation depends on proof that the policy is void as against the mortgagor.  Milton R.

Friedman and James Charles Smith, *Friedman on Contracts & Conveyances of Real Property* §

3:6.3 Insurance (2005).  If, however, Plaintiff Gloria Warren loses, State Farm may attempt to

recover the mortgage funds from Johnny Warren in another cause of action.

Accordingly,

IT IS THEREFORE ORDERED that the Motion to Dismiss (Dkt. #33) be, and it is

hereby, GRANTED.

Dated this 6th day of December, 2006.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE