UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GLORIA WARREN                                                                                     PLAINTIFF

v.                                         CASE NO. 3:05-CV-260 GTE

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

## ORDER ON MOTION IN LIMINE

Presently before the Court is Defendant State Farm Fire and Casualty Company's Motion in Limine.

**I.  Background**

Plaintiff Gloria Warren is a co-owner of a residence located at 816 Park, Earle, Crittenden County, Arkansas.  On or about March 29, 2000, Defendant State Farm Fire and Casualty Company ("State Farm") issued Plaintiff Gloria Warren a homeowner's policy of insurance on the residence.  On or about March 14, 2005, a fire destroyed Plaintiff Gloria Warren's home.  Plaintiff filed suit in the Circuit Court of Crittenden County, Arkansas, to recover under the policy, and Defendant removed the cause of action to this Court.  In the Complaint by Gloria Warren, it is alleged that the policy provides coverage for dwelling and dwelling extension loss up to policy limits coverage of $61,710.00, contents coverage up to policy limits of $42,075.00, plus loss of use in the amount of the actual loss sustained less any applicable deductibles as more particularly described in the policy.  Gloria Warren claims that she has made demand upon State Farm for dwelling coverage of $56,100.00 and contents coverage of $42,075.00.

In State Farm's Answer, it states that the insurance policy is void and no sum is owed to the insured because the fire was intentionally set by the Plaintiff or by another or others acting on behalf of the Plaintiff, citing the Intentional Acts provision of the policy, which states, "If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss."  Additionally, State Farm claims that Gloria Warren intentionally concealed or misrepresented material facts and circumstances relating to the insurance, citing the Concealment and Fraud provision, which states, "This policy is void as to you or any other insured, if you or any insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss."  Specifically, State Farm alleges that Gloria Warren made misrepresentations of and concealed material facts concerning matters including, but not limited to, the true cause and origin of the fire, the financial condition of Ms. Warren at the time of and before the occurrence of the fire, and her previous loss history.  State Farm alleges that if Plaintiff is entitled to recover in the action, State Farm is entitled to a setoff or credit for all sums paid to the mortgagee or lienholder by State Farm and additional sums paid by State Farm to or on behalf of the Plaintiff following the fire, including advances and additional living expenses.

**II.  Analysis**

Defendant moves this Court for an Order finding that evidence to the effect that the Plaintiff has not been arrested, indicted, or convicted of insurance fraud or arson, and that no other person has been arrested, indicted or convicted with respect to the March 14, 2005 fire loss giving rise to this lawsuit is irrelevant and inadmissible.  Defendant also seeks to exclude any

evidence or questioning of any witness regarding the production of documents in discovery, the rulings of the undiscoverability of certain documents by the Court, and any documents excluded by the Court pursuant to Federal Rules of Evidence 401, 402, and 403.

### A. Evidence Showing No Person Has Been Arrested, Indicted, or Convicted of Insurance Fraud or Arson

State Farm argues that evidence to the effect that the Plaintiff has not been arrested, indicted, or convicted of insurance fraud or arson, and that no other person has been arrested, indicted or convicted with respect to the March 14, 2005 fire loss giving rise to this lawsuit is irrelevant and inadmissible. "As a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. State Farm Fire & Casualty Co.,* 764 F.2d 522, 524-25 (8th Cir.1985) (holding that the evidence of the decision not to prosecute the insured was inadmissible on the issue of whether the fire had been intentionally set) (citing *Galbraith v. Hartford Fire Ins. Co.,* 464 F.2d 225 (3d Cir.1972)). *See also Kostelec v. State Farm Fire and Cas. Co.*, 64 F.3d 1220, 1229 (8th Cir. 1995).

In fact, many courts have adopted "the rule that a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution . . . on related criminal arson charges." *Rabon v. Great Southwest Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987) (citing *Kelley's Auto Parts, No. 1, Inc. v. Boughton,* 809 F.2d 1247, 1253 (6th Cir.1987); *Goffstein v. State Farm Fire & Casualty Co.,* 764 F.2d 522, 524 (8th Cir.1985); *Galbraith v. Hartford Fire Insurance Co.,* 464 F.2d 225, 227-28 (3d Cir.1972)). Several reasons support the general rule of law excluding this evidence: (1) it goes to the

principal issue before the jury and is highly prejudicial; (2) the burdens of proof in civil and criminal cases are different; and (3) a prosecutor's opinion regarding whether the insured set the fire is inadmissible evidence because it is based on knowledge outside the prosecutor's personal experience. *Krueger v. State Farm Fire and Cas. Co.*, 510 N.W.2d 204, 210 (Minn. Ct. App. 1993) (citing *Rabon,* 818 F.2d at 309; *Chewakin v. St. Vincent,* 275 N.W.2d 300, 301 (N.D. 1979); *Anderson v. Saunders,* 16 Wis. 2d 55, 113 N.W.2d 831, 832-33 (1962)) (noting that the general rule applies to related criminal proceedings with the two notable exceptions of assault and battery and malicious prosecution, where the evidence is only limited). *See also American Home Assur. Co. v. Sunshine Supermarket, Inc*., 753 F.2d 321, 325 (3d. Cir. 1985) (noting that "the opinions by the fire officials were clearly admissible and "[t]he inadmissibility of evidence of non-prosecution [] comports with the general rule that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case") (citing *Williams v. Cambridge Mut. Fire Ins. Co.,* 230 F.2d 293 (5th Cir.1956) (Miss. law); *Wheat v. Continental Casualty Co.,* 652 S.W.2d 345 (Tenn.1983); *Greenberg v. Aetna Ins. Co.,* 427 Pa. 511, 235 A.2d 576 (Pa.1967), *cert. denied,* 392 U.S. 907, 88 S.Ct. 2063, 20 L.Ed.2d 1366 (1968)); *Ashby v. Rendezvous Farms*, 381 So.2d 755, 755-56 (Fla. Dist. Ct. App. 1980) (finding that the comment in closing argument, over objection, that no arrest had been made or anyone convicted as a result of the fire was prejudicial and warrants a new trial on the issue of liability). Therefore, the Court finds that evidence that criminal charges were not brought is inadmissible.

### B. Evidence Regarding Production of Documents, Undiscoverability, and Excluded Documents

Defendant also requests the exclusion of any evidence or questioning of any witness regarding the production of documents in discovery, the rulings of the undiscoverability of certain documents by the Court, and any documents excluded by the Court. Defendant's request is unclear. Furthermore, the Court is unaware of any rulings it has made regarding the discoverability of "certain documents." Therefore, this request is denied without prejudice. If the issue is raised again, Defendant will specifically identify the particular evidence, prior rulings, and documents it seeks to exclude and the legal basis for such exclusion.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion in Limine (Dkt. #47) be, and it is hereby, GRANTED in part and DENIED in part.

Dated this 17th day of January, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE