**GLORIA WARREN**                                                                    **PLAINTIFF**

**v.**                                        **CASE NO. 3:05-CV-260 GTE**

**STATE FARM FIRE AND CASUALTY COMPANY**                              **DEFENDANT**

## MEMORANDUM OPINION ON DIRECTED VERDICT

On February 6, 2007, the Court directed a verdict in favor of Plaintiff Gloria Warren with

regard to the affirmative defense of material misrepresentation or concealment. The Court

informed the parties that it would issue a written opinion regarding the grant of directed verdict.

Plaintiff Gloria Warren is a co-owner of a residence located at 816 Park, Earle,

Crittenden County, Arkansas. On or about March 29, 2000, Defendant State Farm Fire and

Casualty Company ("State Farm") issued Plaintiff Gloria Warren a homeowner's policy of

insurance on the residence. On or about March 14, 2005, a fire destroyed Plaintiff Gloria

Warren's home. Plaintiff filed suit in the Circuit Court of Crittenden County, Arkansas, to

recover under the policy, and Defendant removed the cause of action to this Court.

In a motion in limine filed prior to trial, Plaintiff moved to exclude all evidence of any

erroneous statements made by Plaintiff to State Farm during their investigation concerning her

financial condition or prior loss history. The Court allowed the presentation of the evidence.

At trial, Gloria Warren alleged that the policy provides coverage for loss of dwelling,

personal property, and additional living expenses. State Farm alleged that the insurance policy

was void and no sum was owed to the insured pursuant to the Intentional Acts provision of the

policy, which states, "If you or any person insured under this policy causes or procures a loss to

property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss." Additionally, State Farm claimed that Gloria Warren intentionally concealed or misrepresented material facts and circumstances relating to the insurance, citing the Concealment and Fraud provision, which states, "This policy is void as to you or any other insured, if you or any insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." At trial, State Farm alleged that Gloria Warren made misrepresentations of and concealed material facts concerning the true cause and origin of the fire, her financial condition at the time of and before the occurrence of the fire, and her previous loss history.

At the close of the evidence, Plaintiff moved for a directed verdict as to the material misrepresentation and concealment affirmative defense, which was based upon the Concealment and Fraud provision of the policy, contending that Defendant had presented no proof of a material misrepresentation or concealment by the Plaintiff that would void the policy. Defendant argued that it had presented evidence that Plaintiff had misrepresented or concealed facts relating to the following: (1) a car fire that occurred in 2002 or 2003; (2) a judgment lien entered against Ms. Warren and her son; (3) the foreclosure on her home; and (4) her knowledge regarding the involvement of certain persons in causing the fire. The Court granted Plaintiff's motion for a directed verdict on the material misrepresentation and concealment affirmative defense. The affirmative defense of arson went to the jury. The jury returned a verdict for the Plaintiff awarding her $15,000 in personal property loss and $500 in additional living expenses. The dwelling loss and setoff was left to the Court for determination at a later date.

First, Defendant argued that Ms. Warren failed to disclose a car fire that occurred in 2002

or 2003. Defendant stated that in its initial investigation, in response to questions about previous

fire losses to a car or home, Plaintiff stated that she had no previous automobile fire loss.

However, Plaintiff argued that two months after Defendant sent Mr. Hamilton to take Plaintiff's

statement, and prior to the denial of Plaintiff's claim, Plaintiff volunteered information regarding

the prior car fire to Defendant's lawyer. Furthermore, Defendant presented no evidence that the

prior vehicle fire was arson, aside from an admittedly inadmissible anonymous phone tip that the

car fire was started by Plaintiff's brother. Defendant presented no evidence of the statements

made during the anonymous phone call. Nor did Defendant provide any evidence of the

reliability of the informant. Also, Defendant presented no evidence of further investigation into

the matter.

In *Johnson v. Truck Ins. Exchange*, 285 Ark. 470, 473, 688 S.W.2d 728, 730-31 (1985),

the Arkansas Supreme Court upheld the admission of evidence that the insured "was shown to

have experienced four fires of a major sort within a span of five years, at least three[1] of which

were insured against loss by fire." There, the Arkansas Supreme Court stated, "Where the issue

is whether a fire was set *deliberately* to claim insurance, the existence of other fires, if not too

remote in time or dissimilar in circumstances, may be admissible without showing the same or

substantially similar circumstances. Such evidence has relevance to show motive, intent, absence

of mistake, or accident. *See* Unif. R. of Evid. 404(b)." *Id*. In that case, there were circumstances

---

[1]The previous fires consisted of a 1977 burning of a building in which the insured
operated a grocery business, the 1977 burning of a dwelling where the insured's family had lived
and where the insured's wife operated a beauty shop, and a 1981 burning of a late model
automobile. The fire at issue was the 1982 burning of a dwelling.

that the jury could have found probative of a deliberate setting of the fire, and proof that the

insured "may have knowingly given a false answer when asked if similar insurance had ever been

cancelled or declined; that he first insured the dwelling only in his mother's name, later adding

his own; that he may have given false answers concerning her occupancy of the dwelling as well

as occupancy by his former wife; that a few months prior to the fire he attempted to increase

coverage from $60,000 to $105,000, and did secure an increase to $95,000; and that [the insured

and his mother] were $12,500 behind in payments to the Federal Land Bank." *Id.* at 474 (citing

cases).[2]

In *Willis v. State Farm Fire and Cas. Co.*, 219 F.3d 715 (8th Cir. 2000), the Eighth

Circuit reversed the trial court's grant of judgment as a matter of law. There, the insurance

policy provided that coverage was void if the insureds "intentionally concealed or misrepresented

any material fact or circumstance relating to [the] insurance, whether before or after a loss." *Id.*

at 717. Although the jury could not decide whether the insurer's defense of arson was

---

[2]*Hammann v. Hartford Accident and Indemnity Co.,* 620 F.2d 588 (6th Cir.1980)
(upholding trial judge's determination that the probative value outweighed the prejudice where
insured had had six fires over the years, and the trial judge allowed evidence of the circumstances
surrounding the four fires that resulted in insurance recoveries, because evidence of the prior
fires was relevant to the insured's credibility and the trial court instructed the jury that the fires
were to be considered only for the purpose of the insured's motive); *Raphtis v. St. Paul Fire &
Marine Insurance Company,* 86 S.D. 491, 198 N.W.2d 505 (1972) (upholding the admission of
evidence of other fires in a similar case and noting that three fires in nine months had been held
admissible to show motive); *Casteel v. State*, 205 Ark. 82, 167 S.W.2d 634 (1943) (holding
proof that the defendant had burned other cars for a similar reason was properly admitted where
the defendant was charged with arson in the burning of an automobile to recover insurance, proof
he had burned other cars for a similar reason was admissible); *Satterfield v. State,* 245 Ark. 337,
432 S.W.2d 472 (1968) (stating, "evidence of other incidents of arson would not ordinarily be
admissible. However, it should be noted, the proof was "very meager, and the single witness who
mentioned [another fire] never described it, never located it and certainly did not connect the
defendant with it." Thus, the proof failed for lack of a connection to the defendant.")).

meritorious, the Eighth Circuit found that insurer presented evidence of a number of

misstatements that the insureds made during the course of its investigation of the fire. *Id*. The

court concluded that "[a] jury could reasonably find that the insured's suspicion that his wife

started the fire, and his observation of her removing property from the home shortly before the

fire, were relevant to the insurance company's investigation of the fire, and to its ability to protect

itself against false claims. If such information had come to light at an earlier point in the

investigation, the direction of the investigation and the resources allocated by State Farm to

conduct it might very well have been different and more effective." Therefore, the alleged

omissions were "material." *Id*. at 718.

However, in *Allstate Ins. Co. v. Voyles*, 76 Ark. App. 334, 340-342, 65 S.W.3d 457, 461-

62 (2002), the Arkansas Court of Appeals distinguished *Johnson*. There, the insured was seeking

payment for a 1997 fire. *Id.* at 341. The insurer argued that the trial court erred in excluding

evidence of a 1989 fire, which destroyed a building belonging to the insured and his mother,

where the insurance company denied the claim on the grounds that the fire was intentionally set

by or at the direction of the insureds and a jury returned a verdict in favor of the insurance

company at trial. *Id*. The Arkansas Court of Appeals upheld the trial court's exclusion of

evidence of the 1989 fire, reasoning that it was too remote in time, that any probative value was

substantially outweighed by the danger of unfair prejudice, and that although the insurance claim

was denied, there was no other evidence tending to show that the insured caused the previous

fire. *Id*. The Arkansas Court of Appeals also upheld the trial court's exclusion of evidence of

5

the insured's misrepresentation[3] regarding the previous fire because it was not material. *Id*. The

court distinguished *Willis*, stating that in that case, "the misrepresentations related to the fire that

was under investigation, whereas in the present case the statement pertained to a different fire

and litigation that occurred years earlier. The misrepresentation did not significantly affect [the

insurer's] investigation or defense of the claim, and the trial court correctly found that the prior

fire was too remote in time to establish motive or intent." *Id*. at 342. In granting the directed

verdict motion, the Court found that Plaintiff's statements regarding the prior car fire in this case

was not a material misrepresentation.

Defendant also argued that Ms. Warren's failure to disclose a judgment lien entered

against Ms. Warren and her son would void the policy. Defendant states that in its investigation,

State Farm asked Plaintiff is she had any judgments or liens filed against her, and she responded

that she did not have any liens against her. In support of this allegation, Defendant submits a

$6,000 default judgment entered on May 29, 2001, in Crittenden County. However, Defendant

presented no evidence that Ms. Warren knew that the judgment lien existed, that Ms. Warren had

received notice of the judgment lien, or that any person attempted to collect on the judgment lien

at any time.

Additionally, Defendant argues that Plaintiff made material misrepresentations or

concealed material facts relating to the impending foreclosure on her home. Defendant stated

that Plaintiff was asked by State Farm whether she remembered the mortgage company sending

---

[3]An Allstate insurance representative took a statement from the insured by telephone on
December 10, 1997. The insured answered "no, sir" to the question, "[H]ave you ever been
involved in a lawsuit as a plaintiff or a defendant with an insurance company."

her something around March 8th saying that they were going to start foreclosure proceedings unless they received some money sometime in March, and she replied, "I think so." However, it is clear that Plaintiff has been threatened with foreclosure in the past, and Plaintiff testified that she confused the various foreclosures. Additionally, the only evidence of notice of foreclosure that Defendant could produce was a letter from Countrywide Homes Loans, Inc. dated March 31st, but the fire occurred on March 15th.

Finally, Defendant argues that Ms. Warren had knowledge regarding the involvement of certain persons in causing the fire. Defendant presented no evidence that Ms. Warren had any knowledge regarding the origin of the fire. Furthermore, as the jury's verdict indicates, it found that Ms. Warren did not intentionally cause the fire, nor did Ms. Warren procure the loss.

Because a jury could not reasonably conclude that the alleged misrepresentations and concealment of facts were material under Arkansas law, the Court granted a directed verdict against State Farm on the misrepresentation affirmative defense.

Dated this 13th day of March, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE