# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

GLORIA WARREN                                                      PLAINTIFF

v.                              CASE NO. 3:05-CV-260 GTE

STATE FARM FIRE AND CASUALTY COMPANY                DEFENDANT

## ORDER

Presently before the Court are Defendant's Motion for Set-Off, Defendant's Amended Motion for Set-Off, Plaintiff's Motion for Pre-Judgment Interest and Statutory Penalty, Defendant's Motion on Penalty Interest and Attorney's Fees, and Plaintiff's Motion to Amend Complaint to Conform to Proof.

### I. Background

Plaintiff Gloria Warren is a co-owner of a residence located at 816 Park, Earle, Crittenden County, Arkansas. On or about March 29, 2000, Defendant State Farm Fire and Casualty Company ("State Farm") issued Plaintiff Gloria Warren a homeowner's policy of insurance on the residence. On or about March 14, 2005, a fire destroyed Plaintiff Gloria Warren's home. Plaintiff filed suit in the Circuit Court of Crittenden County, Arkansas, to recover under the policy, and Defendant removed the cause of action to this Court.

State Farm stated that the insurance policy was void and no sum was owed to the insured because the fire was intentionally set by the Plaintiff or by another or others acting on behalf of the Plaintiff, citing the Intentional Acts provision of the policy, which states, "If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you

1

or any other insured for this loss." Additionally, State Farm claims that Gloria Warren intentionally concealed or misrepresented material facts and circumstances relating to the insurance, citing the Concealment and Fraud provision, which states, "This policy is void as to you or any other insured, if you or any insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." State Farm alleged that if Plaintiff recovered in the action, State Farm is entitled to a setoff or credit for all sums paid to the mortgagee or lienholder by State Farm and additional sums paid by State Farm to or on behalf of the Plaintiff following the fire, including advances and additional living expenses.

The trial of this matter began on February 5, 2007. At the close of the evidence, the Court granted a directed verdict for the Plaintiff on the material misrepresentation affirmative defense, but allowed the arson defense to go to the jury. On February 7, 2007, in response to the Interrogatory, "Do you find from a preponderance of the evidence that Gloria Warren intentionally burned the insured property or intentionally procured another person or persons to burn said property for the purpose of obtaining insurance benefits?," the jury replied, "No." When asked to state the amount of damages that Ms. Warren was entitled to recover for the loss of her personal property under the terms of the insurance policy, the jury stated, "$15,000." Finally, the jury found that Ms. Warren was entitled to recover $500 for additional living expenses she incurred under the terms of the insurance policy. The Court requested that the parties attempt to resolve the issue of setoff by agreement.

**II. Motion for Set-Off**

    **A. Mortgage Set-Off**

Defendant states that the policy reflects the limits of liability on Coverage A - Dwelling Coverage - as $52,900.00. Additionally, the parties agreed and stipulated that the amount owed totaled $56,074.00 due to the Inflation clause in the policy. Defendant seeks a set-off in the amount of the mortgage paid, $30,405.81, which results in a payment to Plaintiff in the amount of $25,668.19. Defendant cites several sections of the policy in support of its argument:

> Insurable interest and Limit of Liability. Even if more than one person has an insurable interest in the property covered, we shall not be liable:
>     a.    to the insured for an amount greater than the insured's interest; or
>     b.    for more than the applicable limit of liability.[1]
> . . .
>
> Loss Payment. We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
>     a.    reach agreement with you;
>     b.    There is an entry of final judgment; or
>     c.    There is a filing of an appraisal award with us.[2]
> . . .
>
> Mortgage Clause. The word "mortgagee" includes trustee.
>     a.    If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order of precedence of the mortgages.
>     . . .
>     d.    If we pay the mortgagee for any loss and deny payment to you:
>         (1) we are subrogated to all the rights of the mortgagee granted under the mortgage on the property; or

---

[1] *See* Exhibit 5, p. 13, Defendant's Motion for Set-Off.

[2] *See* Exhibit 5, p. 14, Defendant's Motion for Set-Off.

>  (2) at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.[3]

Defendant states that Countrywide Home Loans, Inc. (hereafter "Countrywide"), as mortgagee, has an insurable interest. *National Bedding & Furniture Indus. v. Clark*, 252 Ark 780, 481 S.W.2d 690 (1972). Defendant cites to the unpublished opinion in *Powell v. State Farm Fire & Cas. Co.*, 163 F.3d 602 (Table), 1998 WL 671479, *1 (8th Cir. 1998). In that case, the Eighth Circuit concluded that the district court abused its discretion in denying State Farm's motions for set-off and to amend the judgment, stating, "Once the jury found State Farm liable for payment under the policy, the policy required State Farm to pay $124,364.91, the full amount of the Powells' uncontested damages up to policy limits, less $40,615.38, the amount of State Farm's mortgage payments. Thus, the policy requires State Farm to pay the Powells $83,749.53." *Id*.

Plaintiff argues that provisions cited by the Defendant say nothing of a set-off, and that the provisions simply state that if State Farm pays the mortgagee for any loss and denies payment to the insured, it will be subrogated to the rights of the mortgagee or shall take a full assignment of the mortgage. Plaintiff states that the terms of the insurance contract do not provide for a set-off, and Defendant's motion should be denied.

Defendant replies that the policy at issue operates the same way as the policy in *Powell*. Defendant states that the effect of the provision noting the limits of liability, and the provision that the insurance company will not pay more than the limits of liability, even if there is more

---

[3]*See* Exhibit 5, p. 14, Defendant's Motion for Set-Off.

than one person or entity with an insurable interest, is set-off. Defendant also notes that the equitable doctrine against double recovery also applies to the issue of set-off. *See Southern Farm Bureau Cas. Ins. Co. v. Tallant*, 362 Ark. 17, 207 S.W.3d 468 (2005) (noting that "because insurers pay the obligations of their insureds, a right in equity to subrogation in the insurer arises. This assures against unjust enrichment by way of double recovery.").

The Court finds Defendant's arguments convincing. Therefore, as to the mortgage, a set-off in the amount of the mortgage paid, $30,405.81, is granted, and Plaintiff is awarded $25,668.19.[4]

**B. Set-Off of $1000 Advance**

Defendant also contends that the award of $15,000 for personal property should be reduced by the $1,000 advance made to the Plaintiff, leaving a total of $14,000. Plaintiff contends that the Defendant elicited proof of this advance and Plaintiff specifically argued that the jury should reduce Plaintiff's contents loss by the amount of the advance. Therefore, the jury awarded Plaintiff less than the amount sought for the loss of the contents of her dwelling.

Plaintiff cites *Metropolitan Property & Liability Ins. Co. v. Stancel*, 16 Ark. App. 91, 697 S.W.2d 923 (1985), for the proposition that when a matter is properly submitted to the jury and there is substantial evidence that the jury considered it, a set-off is not justified. In that case, the insurance policy provided for dwelling coverage in the amount of $90,000, personal property coverage in the amount of $45,000, and additional expenses in the amount of $22,500. *Id*. at 92, 697 S.W.2d at 924. The insurer denied coverage based upon an alleged misrepresentation in the

---

[4]Of course, the Defendant, having lost on its arson and misrepresentation defenses, must release any lien or subrogation right it may have held pending the decisions on those defenses. *See* discussion below.

5

application for insurance, and the insureds filed suit for $136,000 ($90,000 for dwelling coverage, $45,000 for personal property coverage, and $1,000 in additional living expenses). *Id*. The jury rendered a verdict in favor of the insureds in the amount of $136,000. *Id*. The insurer argued that the trial court erred in refusing to reduce the jury verdict by $100, which represented the deductible amount pursuant to the insurance policy. *Id*. at 93, 697 S.W.2d at 924.

The court stated that the "policy, which included the deductible provision, was introduced into evidence." *Id*. at 94, 697 S.W.2d at 925. It also noted that the insurer did not plead the deductible as a setoff, but did argue to the jury in its closing argument that it was entitled to a setoff for the $100.00 deductible against the amount claimed by the insureds. The court noted that the trial court stated:

[T]he case was presented to the jury on a general verdict requiring only one verdict and no request was made of the jury to itemize or set out its specific award as to each element of coverage. Further, the Plaintiffs proved additional living expenses of $7,400.00, but only requested that the jury return a verdict of $136,000.00. This would have given the jury ample opportunity to consider the $100.00 deductible, but still grant the $136,000 judgment as requested by Plaintiffs."

*Id*. The court concluded:

> It is evident that the jury considered the contract provision on the deductible, and we believe there is substantial evidence to support its award of $136,000. It appears for the record that [the insurer] waived for purposes of appeal the issue of reduction of the verdict by $100 by its failure to make a motion for a directed verdict, stating specific grounds therefor, either at the close of [the insured's] evidence or at the conclusion of the case. Accordingly, we find no error in the trial court's refusal to reduce the jury verdict by the amount of the deductible. The matter was properly submitted to the jury for its determination and there is substantial evidence to support its award.

*Id*., 697 S.W.2d at 925-26.

Defendant, in its Reply, argues that *Stancel* is distinguishable because in this case, the Court noted several times during the trial that it would consider the advance and set-offs after the jury verdict was awarded. Therefore, Defendant did not argue to the jury that it was entitled to set-off, the jury was not instructed by the Court how to apply the advance, and the award of $15,000 for contents when $25,000 was demanded does not provide evidence that the jury took the $1,000 advance into account in awarding the $15,000. Defendant argues that unlike *Stancel*, this matter was not properly submitted to the jury for its determination, and that Plaintiff decided to make a statement in his rebuttal closing is not law or evidence, nor does not constitute the issue going to the jury. In fact, the Court specifically tells the jury not to consider the statements or arguments by counsel as evidence.

It appears to be undisputed that in Plaintiff's closing statement, Plaintiff's counsel asked the jury to subtract $1,000 from the amount they awarded Plaintiff. While the Court instructed the jury that statements, arguments, questions, and comments by the attorneys representing the parties in the case were not evidence, the check for $1,000 was entered into evidence as Defendant's Exhibit 13. Additionally, Plaintiff testified that she received the check. Plaintiff's request for personal property damages totaled $25,468.65, but the jury only awarded Plaintiff $15,000. Therefore, the jury had sufficient evidence before it to deduct the $1,000 prior to returning their verdict of $15,000, although not specifically instructed to do so by the Court. Therefore, as to the $1,000 advance, Defendant's Motion for Set-Off is denied. Plaintiff is awarded $15,000 in personal property damages.

**III. Plaintiff's Motion for Pre-Judgment Interest and Statutory Penalty, Plaintiff's Motion to Amend Complaint to Conform to Proof, and Defendant's Motion on Penalty Interest and Attorney's Fees**

    **A. Statutory Penalty and Motion to Amend**

Plaintiff requests that the Court impose a 12% statutory penalty pursuant to Arkansas Code Annotated § 23-79-208 on dwelling loss of $56,074.00, contents loss of $15,000, and additional living expense loss of $500, or a total of $71,574.00. Defendant argues that Plaintiff is not entitled to receive the 12% statutory penalty because she did not recover an award that was within 20% of the amount demanded.

Section 23-79-208 provides in pertinent part:

> (a)(1) *In all cases in which loss occurs and the . . . insurance company . . . or company liable therefor shall fail to pay the losses within the time specified in the policy after demand is made, the person, firm, corporation, or association shall be liable to pay the holder of the policy or his or her assigns, in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.* [Emphasis added.]
>
> . . .
>
> (d) Recovery of less than the amount demanded by the person entitled to recover under the policy shall not defeat the right to the twelve percent (12%) damages and attorney's fees provided for in this section if the amount recovered for the loss is within twenty percent (20%) of the amount demanded or which is sought in the suit.

In an opinion by Judge Howard in this district, the court stated, "The penalty nature of section 23-79-208 'is directed against unwarranted delaying tactics of insurers.'" *McKee v. Federal Kemper Life Assur. Co.*, 726 F. Supp. 245, 247 (E.D. Ark. 1989), *aff'd* 927 F.2d 326, 328-329 (8th Cir. 1991) (quoting *Simmons First National Bank v. Liberty Mutual Insurance Co.*, 282 Ark. 194, 198, 667 S.W.2d 648 (1984)). "The legislature has recognized a social and moral

8

purpose in providing for the allowance of a statutory penalty and attorney's fees in litigation between insured and insurer. These reasons include discouraging oppressive delay in recognition of liability, deterring arbitrary or capricious denial of claims, and insuring the ability of claimants to obtain legal representation." *Id*. (citing *USAA Life Insurance Co. v. Boyce,* 294 Ark. 575, 578, 745 S.W.2d 136 (1988)). "The Arkansas courts have recognized that because the statute is highly penal in nature it is to be strictly construed." *Id*. (citing *Callum v. Farmers Union Mutual Ins.,* 256 Ark. 376, 381, 508 S.W.2d 316 (1974).

In her Complaint, Plaintiff claimed that she had submitted a proof of loss demanding that Defendant pay $56,100.00 in dwelling loss and $42,075.00 in contents loss, for a total of $98,175.00, and "any other applicable coverage." Plaintiff recovered $71,574.00, or approximately 73% of the amount claimed in her Complaint. However, now Plaintiff moves this Court to amend her Complaint to conform to the proof as elicited at trial pursuant to Federal Rule of Civil Procedure 15(b), as follows:

    a.    That she recover contents coverage under her homeowner's policy of insurance with defendant, State Farm Fire & Casualty Company, of $24,468.65 ($25,468.65 equal to inventory values - $1,000.00 advanced by State Farm); and

    b.    That she recover additional living expenses coverage under her policy of insurance with defendant, State Farm Fire & Casualty Company of $1,500.00.

Federal Rule of Civil Procedure 15(b) provides in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of

any party at any time, even after judgment; but failure so to amend does not affect
the result of the trial on these issues.

Plaintiff argues that she introduced documentary evidence consisting of personal property inventory sheets that the value of the loss of the contents of her home during the fire totaled $25,468.25, and that Defendant did not object to this evidence and also introduced proof of the payment of a $1,000.00 advance for this loss without objection. Plaintiff also states that she introduced documentary evidence of additional living expenses incurred as a result of the fire totaling $1,500.00.

Defendant argues that once a matter is submitted to the jury, the plaintiff is limited to the amount he has asked for under Arkansas Code Annotated § 23-79-208. "To hold otherwise, would allow any plaintiff to ask for a million dollars in their complaint and then amend the complaint to conform to the proof produced at trial once the jury verdict is returned and plaintiff learns he has not recovered within 80% of the amount sought. Such is not the purpose of the statute." Defendant cites *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 358 F.3d 1086, 1089 (8th Cir. 2004), in support of its argument that Plaintiff's motion to amend has come too late, which states:

> Southern Pine could have amended its complaint by reducing its demand after the district court's summary judgment ruling. This would have given the insurer a clear opportunity to pay the amount demanded in the amended complaint and dispose of the suit, thus saving the significant transaction costs associated with a trial and avoiding the possibility of a penalty. Southern Pine, however, failed to reduce its demand at any time during the litigation. After the summary judgment ruling, the insurer had no reason to believe that Southern Pine was abandoning its consequential damages claim for $576,750, as Southern Pine had a right to continue pursuing that claim on appeal.

In a hearing prior to the start of the trial, counsel agreed that if the jury found for Plaintiffs, the amount of dwelling damages would be $56,074. However, the issue of setoff was to be left to the Court. Regarding the contents of the house, Defendant stated that if Plaintiff prevailed, the personal property claim of approximately $18,000 to $19,000 made prior to litigation was undisputed. According to Plaintiff's testimony, the personal property inventory form was dated May 16, 2005, and she turned the form into State Farm. While the inventory sheets initially submitted to Defendant listed all of the items Plaintiff sought to recover for, a few items, such as yearbooks, family bibles, and a piano did not have values assigned, and Plaintiff did not assign values for such items until the week prior to trial. The addition of these items resulted in a new total of $25,468.65 claimed by the Plaintiff. The inventory list was admitted into evidence, and Defendant only objected to the newly assigned values to the items that previously had no value assigned.

Finally, it appears that Plaintiff failed to submit a claim for additional living expenses until the week before trial. The fire occurred on March 14, 2005. Defendant denied Plaintiff's claim on July 11, 2005. The additional living expense receipts for rent were for May through September of 2005, and total $1500. When these receipts were entered into evidence, Defendant noted his continued objection to these expenses because Plaintiff did not submit them until the week prior to trial.

"It is within the trial court's discretion to permit amendment of the complaint by plaintiff during trial or amendment of the complaint to conform to the proof, and, if the sum finally sued for is awarded, attorneys' fees and penalties are proper." *Bank of Mulberry v. Fireman's Fund Ins. Co.,* 550 F. Supp. 1218, 1220 (W.D. Ark. 1982) (denying attorneys' fees and statutory

11

penalty under prior law allowing penalty only when the exact amount sued for is recovered where the court did not allow amendment of the complaint after the defendant was granted a directed verdict on one issue and the plaintiff did not sue for the amount ultimately recovered) (citing *Progressive Life Ins. Co. v. Hulbert,* 196 Ark. 352, 118 S.W.2d 268 (1938); *Kansas City Fire & Marine Ins. Co. v. Kellum,* 221 Ark. 487, 254 S.W.2d 50 (1953); *Reserve Life Ins. Co. v. Baker,* 245 Ark. 853, 435 S.W.2d 780 (1968)).

The Court will grant Plaintiff's Motion to Amend. It is clear to the Court that prior to the beginning of trial, the parties were aware that the amount sought equaled $82,042.65.[5] Furthermore, the parties and the Court operated under this assumption throughout the course of the trial.

With regard to the statutory penalty, in *Reserve Life Ins. Co. v. Baker,* 245 Ark. 853, 858-60, 435 S.W.2d 780, 783-84 (1968) (under prior law allowing penalty only when the exact amount sued for is recovered), the Court held the complaint amended to conform to the proof, and granted the penalty and attorney's fee when "at the conclusion of all the evidence, the court held that the amount asked for in the complaint covering surgery was an error, and 'that the plaintiff did not seek more than the policy provided.'" The Court stated:

> We have permitted this to be done in numerous cases, but only after the insurer had an opportunity to confess judgment for the lesser amount. In *Progressive Life Insurance Company v. Hulbert*, 196 Ark. 352, 118 S.W.2d 268, Hulbert sued for $400.00, and asked an instruction telling the jury that the verdict should be for that sum if the jury found for the plaintiff. The trial court was of the opinion that, under the terms of the policy, a recovery could not be had for more than $266.67; Hulbert then amended her complaint reducing the amount sued for to that figure,

---

[5]$56,074 in dwelling coverage + $24,468.65 in personal property coverage + $1,500 in additional living expenses.

and requested an instruction telling the jury that the verdict should be for that sum if the company should be found liable. In affirming, we said:

> 'But the sum finally sued for was $266.67, and it was within the discretion of the court to permit this amendment. Had the insurance company offered to confess judgment for this amount when the complaint was amended it would have been proper to enter a judgment for that amount without penalty or attorney's fee. But this was not done. The defendant then insisted and now insists that the plaintiff was not entitled to recover anything.
> 'It was not error, therefore, to award judgment for the penalty provided by statute, and for the attorney's fee, which does not appear to be excessive.'

*Id*. at 859-60, 435 S.W.2d at 784 (citing *DeSoto Life Insurance Company v. Jeffett*, 210 Ark. 371, 196 S.W.2d 243; *Old American Life Insurance Company v. Harvey*, 242 Ark. 720, 415 S.W.2d 66). In allowing recovery of the statutory penalty and attorney's fees, the Court found that the defendant did not contend that the plaintiff was seeking an excessive amount; but "simply contended . . . that the company was not liable." *Id*. at 860, 435 S.W.2d at 784. *See also Old Am. Life Ins. Co. v. McKenzie,* 240 Ark. 984, 991, 403 S.W.2d 94, 99 (1966) (allowing penalty and attorney's fees when at the conclusion of the plaintiff's case the court granted plaintiff's motion to conform to the proof offered at trial, and the defendant did not confess judgment in conformity with the proof or in any sum, but attempted to prove that it was not at all liable to the plaintiff under the policy); *Kansas City Fire & Marine Ins. Co. v. Kellum,* 221 Ark. 487, 491-92, 254 S.W.2d 50, 52 (1953) (allowing penalty and attorney's fees when at the conclusion of the evidence in the case, the plaintiff was permitted to amend his complaint and reduce the amount for which he sued to $2096.96, and the defendant refused to accept the correctness of the plaintiff's claim after the reduction and continued to deny all liability).

In *Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 358 F.3d 1086, 1089 (8th Cir. 2004), the Eighth Circuit stated:

> Section 23-79-208 punishes the unwarranted delaying tactics of insurers and encourages plaintiffs to state their claims accurately. As the Arkansas Supreme Court has explained, the "penalty and attorneys' fees is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to obtain it." *Pacific Mut. Life Ins. Co. v. Carter,* 92 Ark. 378, 387, 123 S.W. 384, 388 (1909). As became evident during the course of litigation, Southern Pine demanded substantially more in its complaint than it was entitled to receive. The district court's denial of relief pursuant to § 23-79-208 was thus consistent with both the clear language of that statute and the policy that the statute was designed to serve.
> . . .
> Arkansas courts have interpreted the language "amount demanded or which is sought in the suit" as " 'the amount sued for.' " *Westbrooks,* 331 Ark. at 449, 962 S.W.2d at 357 (quoting *Mutual Relief Ass'n v. Poindexter,* 178 Ark. 205, 208, 10 S.W.2d 17, 18 (1928)). The Arkansas Supreme Court has stated that "no demand other than the filing of suit is required under section 23-79-208 .... Moreover, a new and lesser demand may be made by amendment after suit is filed." *R.J. Bob Jones Excavating Contractor, Inc. v. Firemen's Ins. Co. of Newark, New Jersey,* 324 Ark. 282, 288, 920 S.W.2d 483, 486-87 (1996). When such an amendment is made, the insurer's liability under § 23-79-208 is "determined by whether it elects to contest the claim rather than offering to pay the reduced amount or asking for time in which to pay." *Id.*

In *National Standard Ins. Co. v. Westbrooks,* 331 Ark. 445, 449, 962 S.W.2d 355, 357 (1998) (quoting *Pacific Mut. Life Ins. Co. v. Carter,* 92 Ark. 378, 388, 123 S.W. 384 (1909)), the Arkansas Supreme Court reiterated the policy behind denying the penalty and attorneys' fees where the insured makes a demand for more than he is entitled to recover:

> It could never have been the purpose of the legislature to make the insurance company pay a penalty and attorneys' fees for contesting a claim that they did not owe. Such an act would be unconstitutional. The companies have the right to resist the payment of a demand that they do not owe. When the plaintiff demands an excessive amount he is in the wrong. The penalty and attorneys' fees is for the benefit of the one who is only seeking to recover, after demand, what is due him under the terms of his contract, and who is compelled to resort to the courts to

14

obtain it.

However, in *Southern Farm Bureau Cas. Ins. Co. v. Brinker*, 350 Ark. 15, 20, 84 S.W.3d 846, 848-49 (2002), the Arkansas Supreme Court distinguished *National Standard*, which denied the penalty as outside the twenty-percent range holding that because the plaintiff had never amended its complaint to reflect the reduced amount owed by the insurance company, the plaintiff was tied to the amount asked for in the complaint. However, in *Brinker*, the insured sent a letter to the insurer demanding payment of the remaining $75,000.00. *Id*. The insurer refused to pay the demand of $75,000.00, and twenty days later, the insured filed a complaint amended to reflect the lower amount owed by Farm Bureau. Therefore, the Court held that the trial court properly treated the demand for $75,000.00 as the demand upon which to consider the twenty-percent range. *Id*.

In this case, because the amount demanded was apparent prior to the start of trial, the Court granted Plaintiff's Motion to Amend. Defendant did not admit liability prior to trial. Instead, Defendant maintained that it had no liability to Plaintiff on the policy, regardless of the amount claimed. As discussed above, the amount sought by Plaintiff was $82,042.65, and the total amount awarded Plaintiff was $71,574,[6] which results in recovery of approximately 87%. Therefore, the Court awards the statutory penalty in the amount of $8,588.88.[7]

Alternatively, Defendant argues that even if Plaintiff were allowed to amend the pleadings to conform to the proof at trial, the amount in controversy does not come within 20%

---

[6]$56,074 in dwelling coverage + $15,000 in personal property coverage + $500 in additional living expenses.

[7]Twelve percent of $71,574.

of the amount sought because the monies paid to Countrywide are not part of the amounts sought. Defendant argues that the insurance company is only liable "if it fails to pay the losses within the time specified in the policy after demand is made," and Countrywide did not make demand by proof of loss or provide appropriate documentation to it until March 1, 2006. On March 15, 2006, Defendant issued a check to Countrywide in the amount of $30,405.81. However, it did not issue a check to Gloria Warren for the remaining balance of the policy limits at any time prior to litigation.

The Court rejects this argument. In *Farm Bureau Mut. Ins. Co. of Arkansas, Inc. v. Foote,* 341 Ark. 105, 124, 14 S.W.3d 512, 524 (2000), the Court rejected the argument by the insurer that because the insureds sought their policy limits in their complaint and because the judgment recovered by them was set off by the monies paid to the banks for the mortgage and the lien on the vehicle, the insureds did not recover within twenty percent of the amount demanded. The Court stated:

> This assertion is erroneous under this court's decision in *Farmers Mut. Ins. Co. v. Lane,* 278 Ark. 53, 643 S.W.2d 544 (1982). There, this court held that "[i]t does not matter whether the actual payment under the policy is made to the insured or to the loss payee in order for the insureds to be entitled to the statutory penalty and attorneys' fees when payment by the [insurance] Company is late." *Id.* at 56, 643 S.W.2d at 546 (citing *Farm Bureau Mut. Ins. Co. v. Shaw,* 269 Ark. 757, 600 S.W.2d 432 (Ark.App.1980)). Likewise, in *Shaw,* 269 Ark. at 758, 600 S.W.2d at 433, the court of appeals held that the statutory penalty and attorney's fees "applies regardless whether the late payment is made to the insured or insured's mortgagee."

Here, although Defendant eventually paid the mortgage under the policy, the Plaintiff was not at that point relieved of the mortgage obligation. Under the policy, as quoted by Defendant, even after Defendant paid the mortgage, it became "subrogated to all the rights of the mortgagee

16

granted under the mortgage on the property," or if the Defendant chose to pay to the mortgagee the whole principal on the mortgage plus any accrued interest, the Defendant "receive[d] a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt." The Eighth Circuit has stated that when the "insurer pays the mortgagee for its loss, the insurer becomes subrogated to the rights of the mortgagee to the extent that the insurer has paid the debt, and this is generally true *whether or not the mortgagee makes a separate, formal assignment to the insurance company*." *Garrison v. Great Southwest Ins. Co.*, 809 F.2d 500, 501 (8th Cir. 1987) (emphasis added). Under the policy, during the pendency of litigation, Plaintiff's obligations were never completely eliminated, but simply shifted from one creditor to another. The Plaintiff did not receive the full benefit of her insurance policy under its own terms until she prevailed on the arson defense and Defendant then releases its mortgage or subrogation lien or claim. Defendant's Motion on Penalty Interest and Attorney's Fees is denied. Therefore, the Court awards Plaintiff the statutory penalty.

### B. Pre-Judgment Interest

Plaintiff's also moves this Court for an Order awarding her prejudgment interest at six percent per annum on the damage award for loss of dwelling and loss of contents from the date of the proof of loss or the date of its receipt until the entry of judgment. Defendant contends that Plaintiff's damages for her loss of contents and additional living expenses were not reasonably ascertainable at the time of the loss, and actually, were unknown until a week before trial. Therefore, Defendant denies that Plaintiff should be awarded prejudgment interest for those damages. Additionally, Defendant argues that the amount of dwelling loss was not reasonably ascertainable until Countrywide provided documentation on March 1, 2006, and therefore,

prejudgment interest should only be awarded on the amount of the dwelling loss from March 1, 2006. Defendant submits the Affidavit of Bob Hamilton as evidence of Defendant's attempts to determine the amounts owed to Countrywide.

"The test in prejudgment interest cases is whether there is a method of determination in both time and amount of the value of the property at the time of the injury. If such a method exists prejudgment interest should be allowed." *Toney v. Haskins,* 7 Ark.App. 98, 108, 644 S.W.2d 622, 627 (Ark. Ct. App. 1983) (citing *Lovell v. Marianna Fed. S. & L. Assn.*, 267 Ark. 164, 589 S.W.2d 577 (1979).

Although the Court agrees that the amount of the additional living expenses was not reasonably ascertainable at the time of loss, and only became ascertainable during the week prior to trial, the amount of the dwelling loss was ascertainable at the time of loss. It was undisputed that the home was a total loss. It was also clear that the amount due under the policy was $56,074. Regarding the personal property loss, the full amount claimed was not readily ascertainable at the time of the loss, as Plaintiff assigned values to several of the items the week prior to trial. Furthermore, although Plaintiff claimed $25,468.65, less the $1,000 advance, the jury only awarded Plaintiff $15,000. Thus, it is not clear that the amount of personal property loss and additional living expenses were readily ascertainable at the time of the loss. Therefore, prejudgment interest is awarded on $56,074 from May 16, 2005, the date of Plaintiff's proof of loss.

*Shepherd v. State Auto Property and Cas. Ins. Co.*, 312 Ark. 502, 516, 850 S.W.2d 324, 331 (Ark. 1993), is cited by Plaintiff for the proposition that six percent is the appropriate rate of interest, states:

> No rate was agreed upon by the parties in this case. Under Ark. Const. Art. 19, § 13, when no rate of interest has been agreed upon by the parties, prejudgment interest is limited to 6 percent. *Killam v. Texas Oil & Gas Corp.,* 303 Ark. 547, 798 S.W.2d 419 (1990); *Wooten v. McClendon,* 272 Ark. 61, 612 S.W.2d 105 (1981). In *Killam,* we specifically affirmed six percent as prejudgment interest under the state constitution rather than the market rate, when the parties had not agreed otherwise. The trial court awarded the proper rate of prejudgment interest.

The Court agrees and awards Plaintiff prejudgment interest on $56,074 at a rate of six percent per annum from May 16, 2005.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion for Set-Off and Defendant's Amended Motion for Set-Off (Docket Nos. 76, 80) be, and they are hereby, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Plaintiff's Motion for Pre-Judgment Interest and Statutory Penalty (Docket No. 84) be, and it is hereby, GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Defendant's Motion Opposing Penalty Interest and Attorney's Fees (Docket No. 89) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint to Conform to Proof (Docket No. 91) be, and it is hereby, GRANTED.

Dated this 26th day of March, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE