UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GLORIA WARREN                                                                    PLAINTIFF

v.                                    CASE NO. 3:05-CV-260 GTE

STATE FARM FIRE AND CASUALTY COMPANY                     DEFENDANT

## ORDER

Presently before the Court is Plaintiff's Motion for Attorney's Fees. On March 26, 2007, the Court entered Judgment for Plaintiff for $49,757.07 for the loss of her dwelling after setoff, personal property damages, and additional living expenses, and $8,588.88 in statutory penalties under Arkansas Code Annotated § 23-79-208. However, in the Court's opinion, the Court noted that the total amount awarded Plaintiff, before setoff, was $71,574.

In the present motion, Plaintiff requests an award of attorneys' fees pursuant to Arkansas Code Annotated § 23-79-208, which the Court previously found applied in this case. Thus, it is clear that an award of attorneys' fees is proper. Specifically, Plaintiff requests $36,830.00 based upon 112.10 hours at an hourly rate of $200.00 per hour for services rendered by Joe M. Rogers ($22,400.00) and 144.3 hours at an hourly rate of $100.00 per hour for services rendered by J. Matthew Coe ($14,430.00) for prosecution and collection of her loss. Plaintiff states that she entered into a one-third contingency fee agreement[1] with Mr. Rogers and Mr. Coe to represent her with regard to her claims.

---

[1] Said agreement was filed with the Court upon Defendant's request pursuant to Federal Rule of Civil Procedure 54(d)(2)(B).

1

Although Defendant acknowledges the Court's prior ruling on the issue of eighty-percent, Defendant asserts that Plaintiff's counsel is not entitled to fees because Plaintiff did not recover eighty-percent (80%) of the amount for which she sued for purposes of preserving the issue. Alternatively, Defendant asserts that the amount requested is not reasonable, as it is "well-over two-thirds" of the Plaintiff's award of $49,757.07.

"The following factors are relevant in determining reasonable fees: 1) the experience and ability of the attorney; 2) the time and labor required to perform the service properly; 3) the amount in controversy and the result obtained in the case; 4) the novelty and difficulty of the issues involved; 5) the fee customarily charged for similar services in the local area; 6) whether the fee is fixed or contingent; 7) the time limitations imposed upon the client in the circumstances; and 8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney." *Phelps v. U.S. Credit Life Ins. Co.,* 340 Ark. 439, 442, 10 S.W.3d 854, 856 (2000). "While the courts should be guided by the foregoing factors, there is no fixed formula in determining the reasonableness of an award of attorney's fees." *Id.*

In *Phelps v. U.S. Credit Life Ins. Co.,* 340 Ark. 439, 443, 10 S.W.3d 854, 856 (2000), the Arkansas Supreme Court stated that "the fee provided for in section 23-79-208 'is allowed only to reimburse an insurance policyholder or beneficiary for expenses incurred in enforcing the contract and to compensate him in engaging counsel thoroughly competent to protect his interests.' The fee is not the property of the attorney; instead, it is indemnity to the litigant." *Id.* The Court further stated that "the fee awarded should not exceed the amount that the client is responsible for paying, otherwise the statute would be susceptible to abuse. The purpose of the

statute is not to provide a windfall to attorneys; rather, it is to permit the insured to obtain competent representation." *Id*.

As discussed by the Court in its previous Order, Plaintiff did not receive the full benefit of her insurance policy under its own terms until she prevailed on the arson defense because her obligations simply shifted from one creditor to another. Therefore, the Court finds that the appropriate amount of recovery to consider in awarding attorneys' fees is $71,574–the total amount awarded Plaintiff, before setoff. One-third of the total amount awarded Plaintiff, before setoff, equals $23,619.42. The Court finds that this amount constitutes a reasonable attorneys' fee.

Accordingly,

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Attorneys' Fees (Dkt. #101) be, and it is hereby, GRANTED. Attorneys' fees in the amount of $23,619.42 are hereby awarded to Plaintiff.

Dated this 25th day of April, 2007.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE