## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

**GLORIA WARREN**                                                                          **PLAINTIFF**

**v.**                                            **CASE NO. 3:05-CV-260 GTE**

**STATE FARM FIRE AND CASUALTY COMPANY**                               **DEFENDANT**

### ORDER ON MOTION FOR STAY

Presently before the Court are Defendant's Motion for Protective Order, Defendant's

Motion for Stay Pending Appeal, and Defendant's Motion to Approve *Supersedeas Bond*.

In its Motion for Protective Order, Defendant requests that the Court grant a protective

order releasing Defendant from the responsibility of responding to Interrogatories and Requests

for Production of Documents while the Motion for Stay and the Motion for Approval are

pending.  Defendant concedes that if the Motion for Stay and the Motion for Approval are

denied, it should be required to answer the discovery.  Plaintiff responds by stating that the

motion should be denied because the supersedeas bond is insufficient to secure Plaintiff's

judgment because Defendant is acting both as principal and as surety of the supersedeas bond.

Defendant State Farm Fire and Casualty Company also moves this Court for a stay of

judgment pursuant to Federal Rule of Civil Procedure 62(d), which provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a
> stay subject to the exceptions contained in subdivision (a) of this rule.  The bond
> may be given at or after the time of filing the notice of appeal or of procuring the
> order allowing the appeal, as the case may be.  The stay is effective when the
> supersedeas bond is approved by the court.

Defendant submits its supersedeas bond, providing surety in the amount of $110,000.00.  The

surety on said bond is State Farm General Insurance Company.

Plaintiff objects to Defendant's motions, stating that the Defendant and surety are related companies.  Plaintiff states that both have the same home office address, same agent for service in Arkansas, and the State Farm Insurance website describes the surety as "a property insurance affiliate."  Plaintiff further states that the Defendant and surety have refused Plaintiff's request to provide a list of assets or a financial statement to show that it can secure Plaintiff's judgment. As such, Plaintiff asserts that the supersedeas bond, which shows no security such as property, bond, escrow account, or the like, is simply an unsupported statement of Defendant that it can satisfy the judgment.  Plaintiff also asserts that Defendant has not posted a sufficient supersedeas bond to secure Plaintiff's judgment.

Defendant replies by noting that Plaintiff does not object to the amount of the bond, but the ability of Defendant or the bonding company to make payment on the bond.  Defendant states, "Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."  *Arban v. West Publishing Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citing *Am. Mfr. Mut. Ins. Co. v. Am. Broad. Paramount Theatres, Inc.*, 385 U.S. 931, 87 S. Ct. 291, 17 L.Ed.2d 213 (1966); *Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980)).  Defendant also states that the Seventh Circuit has noted that "an inflexible requirement of a bond would be inappropriate . . . where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money."  *Id.* (citing *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986)). Defendant further states that while the Court has the discretion to grant the stay without the posting of a supersedeas bond, *see Federal Prescription Serv Inc.*, 636 F.2d at 759, Defendant

has posted the bond and provided security while the appeal is pending.  Defendant further states that it has the clear ability to pay this Judgment.

State Farm has filed a supersedeas bond.  Additionally, State Farm has represented to the Court that it has the ability to pay the Judgment.  The Court has no reason to doubt this representation.  Accordingly, Defendant's motions will be granted.

Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion for Protective Order (Docket No. 121) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Approve *Supersedeas Bond* (Docket No. 118) be, and it is hereby, GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Stay Pending Appeal (Docket No. 117) be, and it is hereby, GRANTED.

Dated this 25th day of July, 2007.

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE