UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GLORIA WARREN                                                                               PLAINTIFF

v.                                              CASE NO. 3:05-CV-260 GTE

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

ORDER ON PLAINTIFF'S MOTION FOR TAXATION OF COSTS

Presently before the Court is Plaintiff's Motion for Taxation of Costs. On March 26, 2007, this Court entered a Judgment in favor of Plaintiff Gloria Warren. On July 10, 2008, the United States Court of Appeals for the Eighth Circuit affirmed the Judgment. Plaintiff requests that the Court enter an order awarding her costs against Defendant.

Federal Rule of Civil Procedure 54, entitled "Costs Other than Attorneys' Fees," provides in pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Fed. R. Civ. P. 54(d)(1). The rule has been interpreted as creating a presumption that costs are to be awarded to the prevailing party. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981); *Martin v. Daimler-Chrysler,* 251 F.3d 691, 696 (8th Cir. 2001) (citations omitted). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998) (upholding district court's denial of costs to prevailing defendant in

discrimination case). Although some circuits are of the view that costs should only be denied to a prevailing party if it is guilty of some misconduct or other action worthy of penalty, it appears that the Eighth Circuit takes a broader view, finding that Rule 54(d)'s grant of discretion alone permits a court to deny costs. *Id*.

28 U.S.C. § 1920 defines "costs" and sets forth the categories of trial expenses awardable to a prevailing party under Rule 54(d), including:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees and disbursements for printing and witnesses;

(5) Docket fees under section 1923 of this title . . .

28 U.S.C. § 1920. "While the above-enumerated costs are presumed to be taxable, the Court must exercise discretion in assessing costs, only allowing taxation of costs for materials 'necessarily obtained for use in the case,' 28 U.S.C. § 1920, and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995) (citing *Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994); *U.S. Industries,* 854 F.2d at 1245; *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499, 502 (D. Kan. 1994); *Voight,* 141 F.R.D. at 101). "In seeking costs under Rule 54(d), the prevailing party has the burden of establishing that the expenses he seeks to have taxed as costs are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920. *Id.*

The Court will address each item requested in turn.

I.      **Court Reporter's Transcript of Trial for Appeal**[1]

Plaintiff requests $408.36 for the court reporter's transcript of the trial for appeal. Defendant does not state any opposition to this request. Plaintiffs is awarded $408.36 in court reporter transcript fees.

II.     **Court Reporter Fees for Depositions Taken by Defendant for Use in Trial**

Plaintiff requests $119.02 in court reporter fees for depositions taken by Defendant for use in the trial of this case. Defendant responds by stating that it is unknown what fees for which deposition Plaintiff is seeking, and thus, Plaintiff should not be able to recover. In reply, Plaintiff states that the $119.02 requested is the deposition cost that Plaintiff incurred for the deposition of Irby Campbell, which State Farm used as an evidentiary deposition at trial.

This Court's policy is not to allow deposition costs to be recovered unless the deposition was used at trial or the requesting party makes a specific showing that the deposition was reasonably necessary for the case rather than purely investigative. Here, the deposition was introduced at trial, and clearly, was reasonably necessary for the case. Plaintiff is awarded $119.02 for court reporter fees.

III.    **Filing Fee for Prosecution**

Plaintiff requests $140.00 in filing fees for the prosecution of this action. Defendant does not oppose this request. Plaintiff is awarded $140.00 in filing fees.

---

[1] The Court notes that on August 6, 2008, the Eighth Circuit granted Plaintiff $244.15 in costs. Of course, if the costs awarded on appeal are the same as those sought herein, Plaintiffs are only entitled to payment of said costs once.

**IV.     Service of Process**

Plaintiff requests $100.00 for the service of the Complaint in this case. Plaintiff also requests $180.00 for service of the subpoenas for witnesses. Defendant asserts that 28 U.S.C. § 1921 provides that fees for service of summons and complaint on a party opponent should not exceed those established by the United States Marshall's Service ("USMS"). Defendant further asserts that 28 C.F.R. § 0.114 permits the USMS to collect a fee of $45.00 per hour plus travel costs and out-of-pocket expenses. In reply, Plaintiff asserts that the legal authority set forth by Defendant is not applicable here. Plaintiff further asserts that the statute and regulation set forth no limitation on what a private process server or sheriff's department may charge for service of process.

In *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985), the Eighth Circuit clearly stated that fees associated with the use of a "special process server [are not recoverable] because 28 U.S.C. § 1920 (1982) contains no provision for such expenses." (citing *Zdunek v. Washington Metropolitan Area Transit Authority,* 100 F.R.D. 689, 692 (D.D.C.1983); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2677, at 371-72 (1983)). In her reply, Plaintiff indicates that special process servers were utilized in this case. Therefore, this Court is required to deny Plaintiffs' request for $280.00 in fees for service of process.

**V.      Mileage and Witness Fees**

Plaintiff requests $68.48 in mileage and witness fees for Bob Bentley, $68.48 in mileage and witness fees for Diane Swain, $42.68 in mileage and witness fees for Patrick Reddick, and $68.48 in mileage and witness fees for Tommy Martin.

4

Defendant objects to this request and cites *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006), for the proposition that witness fees and subpoenas of witnesses who did not testify at trial and whose depositions were not introduced at trial are not recognized under Section 1920. However, in that case, the district court refused to award costs for witnesses who did not testify at trial because the Bill of Costs Handbook used by the District of Nebraska "provide[d] that witness fees will not be taxed if the witness is subpoenaed for trial but does not testify, or if the witness is deposed but the transcript is not used at trial or in support of a motion." *Id*. The Court is unaware of any such rule in this district.

Plaintiff responds by stating that each witness set forth in the Bill of Costs testified at trial, except for Tommy Martin. Mr. Martin, an investigator with the Crittenden County Sheriff's Department, was subpoenaed as a rebuttal witness to State Farm's presentation of volunteer firefighter Irby Campbell, but the Court ruled at trial that the specific testimony to be rebutted would not be allowed. Plaintiff asserts that these costs should be taxed because Plaintiff did not know that Mr. Martin's testimony would not be presented until the case was given to the jury.

The amount of witness fees that may be charged under 28 U.S.C. § 1920(3) is governed by 28 U.S.C. § 1821, which states in part:

> Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

Subsection (b) provides for an attendance fee of $40.00 per day for each day's attendance. Mileage is addressed in subsection (c).

In *Spiritwood Grain Co. v. Northern Pac. Ry. Co.*, 179 F.2d 338, 344-45 (8th Cir. 1950), the Eighth Circuit stated:

> Many cases hold that, in order for fees to be taxable for witnesses who appear voluntarily and who are not called to testify, it must be shown that their testimony is material, and that in such case there is a rebuttable presumption that their testimony is not material. *Federal Intermediate Credit Bank of Columbia, v. Mitchell*, D.C.S.C., 38 F.2d 824. The presumption is overcome, however, if it appears that an order of court or other circumstance rendered their testimony unnecessary. *Simpkins v. Atchison, T. & S.F.R. Co.*, C.C. Mo., 61 F. 999; *Treadwell v. Mutual Life Ins. Co. of New York*, D.C. La., 20 F. Supp. 494. In this instance the record discloses that the order of the court sustaining appellee's motion for a directed verdict at the close of appellants' evidence rendered the testimony of all of appellee's witnesses unnecessary. Under these circumstances it cannot be said that the court abused its discretion in affirming the taxation of costs for appellee's witnesses.

Similarly, in this case, the Court's rulings with regard to Mr. Campbell's testimony rendered Mr. Martin's testimony unnecessary. Therefore, the Court will award the requested witness and mileage fees.

## VI.  Docket Fees

Plaintiffs request $40.00 in docket fees for the attorneys of record pursuant to 28 U.S.C. § 1923. Defendant does not object to this request. Plaintiff is awarded $40.00 in docket fees.

Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion for Taxation of Costs (Docket No. 131) be, and it is hereby, GRANTED in part, and DENIED in part. Plaintiff is hereby awarded $ 955.50 in costs.

Dated this 19th day of August, 2008.

/s/Garnett Thomas Eisele_____
UNITED STATES DISTRICT JUDGE